**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 21, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 02-30891

———————

FRERET MARINE SUPPLY, a division of Freret Hardware Inc,

Plaintiff - Appellee,

and

NOEL NOLASCO; EDUARDO SEDO; SERGIY BILOGOLOVY; OLEKSANDR ZHUKOV; YURIY PALAMARCHUK; DIXIE TRADING CORPORATION; AIR MOVEMENT INC; AIR SPECIALTY; ET AL

Intervenor Plaintiffs - Appellees,

versus

HARRIS TRUST & SAVINGS BANK,

Intervenor Plaintiff - Appellant,

versus

ENCHANTED CAPRI MV, Etc

Defendant,

———————————————————————————————

RELIABLE DISPOSAL COMPANY INC

Plaintiff - Appellee,

versus

ENCHANTED CAPRI MV, Etc

Defendant,

versus

HARRIS TRUST & SAVINGS BANK

                            Appellant,

_____

A&L SALES INC

                            Plaintiff - Appellee,

versus

ENCHANTED CAPRI MV, Etc

                            Defendant,

versus

HARRIS TRUST & SAVINGS BANK,

                            Appellant,

_____

Case No. 02-31156

EFFJOHN INTERNATIONAL CRUISE HOLDINGS INC; EFF-SHIPPING LIMITED

                            Plaintiffs - Appellees,

RALSTON MOODIE; VIOLET DOCK PORT INC; A&L SALES INC; RELIABLE DISPOSAL COMPANY INC; FRERET MARINE SUPPLY; BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS; AMWEST SURETY INSURANCE COMPANY; SWISS REINSURANCE AMERICA CORPORATION; COOPER/T SMITH STEVEDORING INC; CRESCENT TOWING INC; MARINE MEDICAL UNIT INC; GEORGE OTT TRANSPORTATION INC; CASTROL NORTH AMERICA INC; ADVANCE MARINE INC; SCHEURING SECURITY INC; ABELARD SOTARIDONA

                            Intervenor Plaintiffs - Appellees,

versus

-2-

HARRIS TRUST & SAVINGS BANK

                       Intervenor Plaintiff - Appellant,

versus

ENCHANTED ISLE MV, its appurtenances, engines, equipment, tackle, etc, in rem; ALMIRA ENTERPRISES INC, in personam

                       Defendants - Appellees,

and

CUSIMANO PRODUCE CO

                       Movant - Appellee.

---

Appeals from the United States District Court
for the Eastern District of Louisiana
01-CV-2617

---

Before EMILIO M. GARZA and DENNIS, Circuit Judges, and HEAD,[*] District Judge.

PER CURIAM:[**]

Harris Trust and Savings Bank ("Harris") appeals the district court's denial of maritime lien status with regard to Harris's claims against the M/V ENCHANTED CAPRI ("CAPRI") and M/V ENCHANTED ISLE ("ISLE"). This case arises out of the insolvency of New Commodore Cruise Lines Limited ("Commodore"), a Florida-based company that operated a number of luxury cruise vessels.

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-3-

In 2001, creditors of the CAPRI and the ISLE seized the vessels and filed *in rem* claims against each vessel. Both of the vessels were sold at public auction, and a number of claimants are now competing for the limited funds generated by the sales. Harris intervened in each of the *in rem* actions and asserted claims under the Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. § 31342, for alleged "necessaries." In each case, Harris moved for summary judgment on the validity of its claims, while some of the other claimants[1] argued that Harris's claims should be dismissed. The district court granted the claimants' motions for summary judgment and denied Harris's motions, holding (1) that the underlying contract was non-maritime; (2) that the financial services that Harris provided to Commodore were not "necessaries" under CIMLA; and (3) that Harris did not have a lien against the vessels under the "rule of advances." Harris timely appealed, and the ISLE and CAPRI actions have now been consolidated.

Harris's *in rem* claims against the CAPRI and the ISLE are premised on a 1998 Merchant Service Agreement ("MSA") between Harris and Commodore. The MSA is the entire agreement between the parties and its provisions detail the credit card services provided by Harris to Commodore. Generally, Harris processed the credit card transactions for prospective cruise passengers when they booked a cruise with Commodore and paid the advance deposit with a VISA or Mastercard credit card. Harris would forward the charges to VISA and Mastercard, receive the funds from VISA and Mastercard, and forward these sums, minus a 3.1% fee, to Commodore's accounts. Commodore's accounts were segregated by vessel name, such that an account existed for the CAPRI and a separate account existed for the ISLE, and the passengers' deposits were

---

[1]Freret Marine Supply and EffJohn International Cruise Holdings, Inc. sought to have Harris's claims dismissed in the CAPRI and ISLE actions, respectively.

segregated accordingly.

When Commodore declared bankruptcy, the customers that had charged their deposits for upcoming cruises on the CAPRI and the ISLE sought to have their deposits returned. Most of these customers had their money refunded by seeking a "charge back" to their VISA and Mastercard accounts. Harris, in turn, was contractually obligated to remit the funds to the credit card companies. Harris was not insured for the "charge back" liability, nor was it named on Commodore's Federal Maritime Commission Passenger Vessel Surety Bond. According to Harris, it has incurred "charge back" liability of at least $610,962.

We review a grant or denial of summary judgment *de novo*, using the same criteria employed by the district court. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 428 (5th Cir. 2001). Summary judgment is proper if, drawing all inferences in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; FED. R. CIV. P. 56(c). With regard to this case, the parties have agreed that the appeal turns solely on disputed issues of law. Thus, we must simply decide whether Harris's "charge back" liability gives rise to maritime liens against the CAPRI and the ISLE under CIMLA.

On this issue, we find the district court's opinions to be well-reasoned and persuasive. For generally the same reasons given by the district court, we hold that the MSA is not maritime in nature, such that there is a "*direct and substantial* link between the contract and the operation of the ship[s], [their] navigation, or [their] management afloat, taking into account the needs of the *shipping* industry." *In re SeaEscape Cruises Ltd.*, 191 B.R. 944, 951 (S.D. Fla. 1995) (emphasis added and internal quotation marks removed), *aff'd sub nom. Maduro Travel v. Skandinaviska*, 98 F.3d 1353 (11th Cir. 1996).

-5-

In addition, we hold that Harris did not "provid[e] necessaries to" the CAPRI and the ISLE such that a maritime lien arose in its favor. 46 U.S.C. § 31342; *Racal Survey USA, Inc. v. M/V COUNT FLEET*, 231 F.3d 183, 192 (5th Cir. 2000) ("Maritime liens are *stricti juris* and will not be extended by construction, analogy, or inference."). Again, we find the district court's opinions convincing on this point. In particular, it appears that Harris's services were provided to Commodore, not the vessels. Further, the MSA does not mention the vessels, but was instead secured with a reserve account.

Finally, we find Harris's argument that it is entitled to a lien under the rule of advances to be meritless. Harris has not provided any evidence that the monies it advanced to Commodore were supposed to be used for "necessaries," or that, in fact, the funds were used to purchase "necessaries." *See Tramp Oil & Marine, Ltd. v. M/V MERMAID I*, 805 F.2d 42, 45 (1st Cir 1986) (noting that the rule of advances applies when any "person advancing money to a ship on the order of the master . . . for the purposes of satisfying outstanding or future lien claims . . . is entitled to a lien of equal dignity . . . *provided the amounts so advanced are actually applied to the payment of such debts*" (emphasis added)); *Inland Credit Corp. v. M/T BOW EGRET*, 552 F.2d 1148, 1152-53 (5th Cir. 1977).

For the foregoing reasons, the judgment of the district court is AFFIRMED.